**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4671

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CELESTE ALLEN PARDUE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:20-cr-00719-CMC-5)

Submitted:  July 28, 2026                                   Decided:  July 30, 2026

Before WYNN and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Adam Sinclair Ruffin, RUFFIN LAW FIRM, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, Elliott B. Daniels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Celeste Allen Pardue appeals the 10-month sentence, followed by two years' supervised release, imposed by the district court following the revocation of her supervised release. Pardue challenges the district court's sentencing explanation, and she claims that her sentence is substantively unreasonable. We affirm.

"A district court . . . has broad discretion to impose a particular sentence upon revocation of a defendant's term of supervised release." *United States v. Celedon*, 165 F.4th 873, 879 (4th Cir. 2026) (citation modified). We will affirm a revocation sentence "unless it is above the statutory maximum or plainly unreasonable." *Id.* Where, as here, the sentence does not exceed the statutory maximum, "we first examine whether the sentence was unreasonable at all, procedurally or substantively." *United States v. Amin*, 85 F.4th 727, 739 (4th Cir. 2023) (internal quotation marks omitted). "Only if we find the sentence unreasonable must we decide whether it is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "Although the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (citation modified).

2

At a minimum, the district court must explain the sentence sufficiently to permit meaningful appellate review with the "assurance that [it] considered the applicable sentencing factors with regard to the particular defendant before it." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (citation modified).

We have reviewed the record and conclude that the district court adequately explained its imposition of the sentence, including the additional term of supervised release. The court engaged with Pardue's arguments about her struggle with addiction, but it declined her request to delay sentencing in favor of in-patient treatment because it did not believe it would be a "worthwhile endeavor" in Pardue's case. The court explained that although it frequently granted similar requests, it did not believe Pardue was in the proper mindset based on her "multiple different kinds of violations" and her failure to acknowledge the seriousness of her violations or take accountability for them. Although Pardue is correct that the district court did not explicitly "tick through the § 3553(a) factors," it was not required to. *See United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (internal quotation marks omitted). And the court's explanation demonstrates that it considered the nature and circumstances of Pardue's offense, her history and characteristics, and the need to afford an adequate deterrence. *See* 18 U.S.C. § 3553(a)(1), (2)(B). We discern no procedural error in the imposition of Pardue's revocation sentence.

Finally, Pardue argues that her sentence is substantively unreasonable. "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks

3

omitted).  "A revocation sentence that is within the recommended Guidelines range is presumed reasonable."  *Gibbs*, 897 F.3d at 204 (citation modified).  Based on the district court's engagement with Pardue's arguments and its explanation of the sentence, Pardue has failed to overcome the presumption of reasonableness afforded her within-policy-range sentence.

Accordingly, we conclude that Pardue's sentence is not plainly unreasonable, and we affirm the district court's revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*